Laramoee, Judge,
dissenting:
I cannot agree with the majority for these reasons: The Treaty of Friendship entered into between the United States and Japan puts access to the courts on a reciprocal basis. Section 1 of Article IY of the Treaty provides that “nationals * * * of either party shall be accorded national treatment * * * with respect to access to the courts * *
National treatment is defined in section 1 of Article XXII of the Treaty as follows:
The term “national treatment” means treatment accorded within the territories of a party upon terms no less favorable than the treatment accorded therein, in like situations, to nationals, companies, * * *, as the case may be, of such party.
This, it seems to me, must mean that each government shall give equal treatment to the other with respect to access to the respective courts. As a matter of fact, this would appear to be in complete harmony with the primary purpose of the statute which permits a foreign citizen or corporation to sue the United States in cases wherein a foreign government accords to citizens of the United States the right to prosecute claims against their government in its courts. In other words, “equal treatment” would seem to be the controlling factor in both the Treaty and the statute.
*198 Under these circumstances, the burden would be on the plaintiffs to prove that a citizen of the United States could prosecute a claim for breach of contract against the Japanese Government. This, in my opinion, the plaintiffs have failed to do. No statute or article of the constitution of Japan has been put in evidence from which this court could conclusively find a provision for suits in breach of contract. On the contrary, the constitution of Japan quite clearly shows that only suits in tort are cognizable by the courts of Japan.
Consequently, I would hold that section 2502 requires that United States citizens have the right to sue the Japanese Government in contract in its courts as a condition to maintenance of plaintiffs’ suits in contract in this court. Otherwise, a Japanese citizen would have greater rights in the United States courts than those accorded them in their own country.
I would overrule the Brodie and Marcos cases cited in the majority opinion to the extent that they are in conflict with my views.
EINDINGS OP PACT
The court, having considered the evidence, the report of Trial Commissioner C. Murray Bernhardt, and the briefs and argument of counsel, makes findings of fact as follows:
1. Plaintiff Fuji Sangyo Kabushiki Kaisha is a corporation organized and existing under the laws of J apan.
2. Plaintiff Fuiji Sangyo Kabushiki Kaisha has asserted a claim against the United States in the Court of Claims sounding in contract pursuant to 28 U.S.C. § 1491 (4).
3. Plaintiff Nippon Hodo Company, Ltd., is a corporation organized and existing under the laws of J apan.
4. Plaintiff Nippon Hodo Company, Ltd., has asserted a claim against the United States in the Court of Claims sounding in contract pursuant to 28 U.S.C. § 1491 (4).
5. Article IY, Section 1 of the Treaty of Friendship, Commerce and Navigation between the United States and Japan provides:
Nationals and companies of either Party shall be accorded national treatment and most-favored-nation treatment with respect to access to the courts of justice and to administrative tribunals and agencies within the. *199 territories of the other Party, in all degrees of jurisdiction, both in pursuit and in defense of their rights.
Said treaty became effective on October 30, 1953, and has been in force since that time (4 U.S.T. 2063; T.I.A.S. 2863; 28 U.S.C.A. §2502 (Supp. 1959).
6. Article XXII, Section 1 of the aforesaid Treaty, provides:
The term “national treatment” means treatment accorded within the territories of a party upon terms no less favorable than the treatment accorded therein, in like situations, to nationals, companies, products, vessels, or other objects, as the case may be, of such party.
7. The law of Japan is based on Eoman (Civil) law.
8. Article 17 of the Constitution of J apan provides: .
Every person may sue for redress as provided by law from the State or a public entity, in case he has suffered damage through illegal act of any public official.
9. Article 32 of the Constitution of Japan provides:
No person shall be denied the right of access to the courts.
10. Article 40 of the Constitution of J apan provides:
Any person, in case he is acquitted after he has been arrested or detained, may sue the State for redress as provided by law.
11. Book I, Chapter 1, Article 4, paragraph 2 of the Code of Civil Procedure of Japan, provides:
The venue of the State is determined by the location of the Government office representing the State in regard to the action in question.
12. Article 1 of the Law Concerning the Authority of the Minister of Justice in Actions Involving the Interests of the State, Law No. 194 of 1947, provides:
In Actions to which the State is a party or an inter-venor, the Minister of Justice shall represent the State.
13. The State Eedress Law of Japan, Law No. 125 of 1947, provides in part as follows:
Article 1. If a public official entrusted with the exercise of the public power of the State or of a public entity, has, in the conduct of his official duties, inflicted inten *200 tionally or through negligence any damages on another person through an illegal act, the. State or the public entity concerned shall be under obligation to make compensation therefor.
If, in the case referred to in the preceding paragraph, the public official has perpetrated the act intentionally or through gross negligence, the State or the public entity concerned shall have the right to obtain reimbursement from the said public official.
Article 2. If a person has been damaged through the existence of any defect in the construction or inanagement of highways, rivers or other public installation, the State or the public entity concerned shall be under obligation to make compensation for it. * * *.
*****
Article 4. Except as provided in the preceding three Articles, the provisions of the Civil Code shall apply to the liability for damages of the State or a public entity.
Article 5. If otherwise provided in any statute besides the Civil Code, those provisions shall apply to the liability for damages of the State or a public entity. _
_ Article 6. In cases where a foreigner is the injured party, this statute shall apply only if the compensation is reciprocally guaranteed.
14. Chapters I and II of Book III of the Civil Code of Japan (1954) relate to claims and contracts. These chapters contain no specific provision according or denying a right to sue the State or its agents and officials for damages resulting from breach of contract with the State.
15. The Japanese Court Organization Law (Law No. 59 of 1947, as amended through Law No. 287 of 1950), which describes the Japanese hierarchy of courts and their jurisdiction, contains no specific provision according or denying a right to sue the State or its agents and officials for damages resulting from breach of contract with the State.
16. A document entitled “Outline of Civil Trial in Japan”, dated August, 1950, and bearing the imprimatur, “Supreme Court, Japan”, contains, in its preface, the following comment:
According to the new Constitution of Japan, effective May 3,1947, drastic reforms were made in all systems of Japan,_ to which the civil trial system could not be an exception.
*201 Under the old Constitution, problems which, are to be handled by the court in democratic countries were not entirely entrusted to the court in Japan, but only those concerning the disputes between individuals were disposed of by the court, except the criminal cases.
With respect to the damages which were inflicted to the people by the illegal administrative dispositions— the illegal collection of taxes, the unlawful action of police, etc. — only the quasi-judicial relief was given by an administrative agency called “the Administrative Court (Gyosei Saibansho).” No one could bring an action for such damages in the court under the old Constitution.
The new Constitution, however, declares that all of the people are equal under the law, that the people shall not be prevented from enjoying any of the fWdamental rights, that the State shall act in conformity with laws enacted by the Diet, that every person may sue for redress from the State or a public entity in case he has suffered damages through illegal act of public official, and that all legal disputes shall be decided by the court.
In discussing the three types of cases which are subject to civil trial, namely, legal disputes between individuals, disputes in home life (i.e., domestic relations), and between relatives, and administrative actions, the publication referred to above had the following comment:
The last is the “administrative action” (Gyosei Sosho Jiken) that is brought under the jurisdiction of the judicial court after the enforcement of the new Constitution, namely, the action for nullification or modification of illegal or unlawful dispositions effected by government agencies and the action concerning public legal relations. The action for cancellation of the purchase of the agricultural land by the government, the action for nullification of dismissal by the government or the local public entities, the action for modification of levy of tax, the action for making an illegal election invalid, etc. are in the sphere of the administrative action. These actions are tried according to the Code of Civil Procedure, in addition to the Law for Special Kegulations concerning Procedure for Administrative Litigations which provides some exceptions to the provisions of the said Code considering that these actions relate closely to the public welfare.
17. In answer to interrogatories filed by the plaintiffs, Mr. Baba Tosaku, a citizen of Japan, and an active member of *202 the Japanese and Tokyo Bar Associations, stated the following:
A Japanese citizen has the right to sue the Japanese State for breach of Contract. * * * In the numerous suits which are continually brought against the State, I have never known of any question being raised whether the citizen can sue the State, and I have never heard of such a question. Since it is the general opinion of the Japanese Bar that a citizen may bring an action against the State, equally for breach of contract, for payment of salary or damages of other kinds, * * *.
18. Under the Japanese Constitution and laws a citizen of the United States has the same standing in Japanese courts to bring and maintain a suit against the State as does a citizen of Japan, although the scope of claims for which the respective governments permit themselves to be sued may not be coextensive.
CONCLUSION OE LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes as a matter of law that the plaintiffs are entitled to maintain their suits in this court pursuant to 28 U.S.C. § 2502, and the cases are returned to the trial commissioner with instructions to proceed with the remaining issues of law and fact, as previously directed.